UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUCHELL C. MAGEE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CANTIL-SAKAUYE, et al.,<br><br>　　　　Defendants. | Case No. 21-cv-05432-WHO (PR)<br><br>**ORDER TO SHOW CAUSE** |

Plaintiff Ruchell Cinque Magee, a state prisoner and frequent litigant in federal court, has filed this federal civil rights action under 42 U.S.C. § 1983 along with a motion to proceed *in forma pauperis* (IFP) under 28 U.S.C. § 1915.[1] **Magee is ordered to show cause on or before September 1, 2021 why 28 U.S.C. § 1915(g) does not bar pauper status in this action.**

A prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Relying on the statute's command that "*in no event*" may such a prisoner proceed, the Ninth Circuit explained that this bar is triggered by a prisoner's history of filing frivolous litigation rather than by the merits of the current action. *See El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (emphasis in original).

Under the law of this circuit, plaintiff must be afforded an opportunity to persuade the Court that section 1915(g) does not bar pauper status for him. *See Andrews v. King*,

---

[1] In his complaint, Magee alleges Tani Cantil-Sakauye, the Chief Justice of California, hindered his access to the courts. He also alleges Gavin Newsom, the Governor of California, refused to acknowledge Magee's applications for a pardon and concealed evidence of false convictions. (Compl., Dkt. No. 1 at 4, 7.)

398 F.3d 1113, 1120 (9th Cir. 2005). *Andrews* requires that the prisoner be given notice of the potential applicability of section 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that section 1915(g) does not bar pauper status for him. *Id. Andrews* implicitly allows the Court to raise *sua sponte* the section 1915(g) problem, but requires the Court to notify the prisoner of the earlier dismissals it considers to support a section 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action. *Id.* A dismissal under section 1915(g) means that a prisoner cannot proceed with his action as a pauper under section 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action.

Here, Magee has had at least three prior prisoner actions or appeals dismissed by a federal court on the grounds that they are frivolous, malicious, or that they failed to state a claim upon which relief may be granted:

**(1)** *Magee v. Scott*, No. 05-CV-348 AWI LJO (E.D. Cal. Mar. 6, 2016) (order adopting report and recommendation dismissing case for failing to file amended complaint and failing to state a cognizable claim);

**(2)** *Magee v. Bravo*, No. 03-CV-6764 LJO WMW (E.D. Cal. July 23, 2007) (order adopting report and recommendation dismissing case for failing to state a cognizable claim);

**(3)** *Magee v. Ortega*, No. 00-CV-1512 GEB GGH (E.D. Cal. Apr. 22, 2002) (order adopting report and recommendation dismissing case for failing to file amended complaint);

**(4)** *Magee v. Meyer*, No. 95-CV-03855 DLJ (PR) (N.D. Cal. Mar. 27, 1996) (dismissed as malicious);

**(5)** *Magee v. Jensen*, No. 95-CV-2520 DLJ (PR) (N.D. Cal. July 20, 1995) (dismissed as malicious and duplicative);

**(6)** *Magee v. Reardon*, No. 94-CV-3815 DLJ (PR) (N.D. Cal. March 17, 1995) (dismissed as malicious);

**(7)** *Magee v. Jensen*, No. C 94-CV-2711 DLJ, (N.D. Cal. Aug. 31, 1994) (dismissed as frivolous);

**(8)** *Magee v. Foreman Federal Grand Jury*, No. 94-CV-4298 DLJ (PR) (N.D. Cal. March 16, 1995) (dismissed as malicious);

**(9)** *Magee v. Romines*, No. 93-CV-3638 DLJ (PR) (N.D. Cal. June 9, 1994) (dismissed for failing to state a cognizable claim); and

**(10)**  *Magee v. Helsel*, No. C 93-CV-3507 DLJ (N.D. Cal. June 9, 1994) (dismissal as duplicative of claims adjudicated in a prior suit).

In light of these dismissals, and because Magee does not appear to be under imminent danger of serious physical injury, the Court now orders him to show cause why IFP status should not be denied and these actions should not be dismissed pursuant to 28 U.S.C. § 1915(g).

Magee's response to this order to show cause is due no later than **September 1, 2021**. The response must clearly be labeled "RESPONSE TO ORDER TO SHOW CAUSE." In the alternative to showing cause why this action should not be dismissed, Magee may avoid dismissal by paying the full filing fee of $402.00 by the deadline.

Failure to file a response by **September 1, 2021**, or failure to pay the full filing fee by that date, will result in the dismissal of this action without prejudice to plaintiff bringing his claims in a new paid complaint.

**IT IS SO ORDERED.**

**Dated:** July 19, 2021



WILLIAM H. ORRICK
United States District Judge