October 2010

DECLARATION OF: BERNARD J. SUARES

I, Bernard J. Suares, over the age of 18, state as follows:

I will testify in a Court Of Law to the facts herein, if called upon.

I was elected jury foreman in the trial entitled Peoples of The State Of California vs- Ruchell Magee, Case Number 83668, in the Superior Court of San Francisco County.

As I have presented in previous complaints to several Courts and the U.S. Department Of Justice at Washngton, DC:

> " That during deliberations (which commenced March 26, 1973, and which terminated April 3rd, 1973 ) all twelve jurors agreed that Ruchell Magee (defendant) was not guilty of violating Penal Code 209 (kidnapping for the purpose of Extortion ) ..."

Each jurors note's (verdict's) reading not guilty showing by attached page documented was gave to the trial judge Morton Colvin with other reading of the juror's being hung on the lesser includued offense (simple kidnap) (P.C. 207) (vote of 11 to 1). The jury (Mr. Moses Shepherd) standing along stated he favored an acquittal of defendant on all charges.

At no time did the prosecution attorney's convince the jury that the defendant was guilty of kidnap (P.C. 209) charged, beyond reasonable doubt.

In previous complaint's regarding the jurors verdicts (acquittal) in the Court records (notes gave trial judge Colvin ) the records was called for review to prove all twelve jurors reached a unanimous not guilty verdict.

To reach verdicts on The lesser included

Exhibit / ONE

Declaration                    Oct 2010

offense ( Simple Kidnap ), the jurors first had to eliminate the greater charge ( P.C. 209- kidnap ), which the jurors did so upon discussing and examining both the evidence and the law.

As to the charge of murder ( P.C. 187 ), it was foundation on the testimony of the prosecution's witness Mr. Gary Thomas.

As showing by testimony of the jury Mr. David P. Smith of May 1973, in the Court record's, the witness Gary Thomas testimony and reports was so riddled with such inconsistencies and impossibilities that the jury was virtually forced to disregard his account.

No reasonable jurist would have convicted on the Evidence presented by the prosecution in this case.

Had this writer knew then during deliberations about how Magee got to prison 1963/1965, he would have acquitted on all charges, as the jury standing alone.

Since jury deliberations terminated, I have been following the case, and I believe if the appropriate authority take a look for the Los ANgeles County trial Court records (case Number 272227), Mr. Magee will be released from prison based on the finding of a vicious and malicious frameup on falsehood which Magee have been trying to get heard for almost a half century.

His testimony January 1973, during trial went to the Los ANgeles County misconduct on part of officers of the Court entering false guilty pleads to trick unaware or misinformed jurors to convict. A Conviction resting on a deliberately and intentionally false guilty plea by officers of the Court who chained and muzzled the man in

presence of the jury for objecting to what was happening to him, should tell any reasonable jurist reviewing the records that the Los Angeles frameup also connect with prosection tampering with jury acquittal of the 1973 trial in this case.

In previous complaint, this writer requested the District Attorney of Los Angeles County to investigate into the frameups connection. ( But to Avail.)

It appears that the government, from the lowest, to the highest, has extremely fear of the truth of the case of the man (Ruchell Magee) who was acquitted. The acquittal rest on face of records presented in court.

There exist a clear PATTERN OF JURY TAMPERING by the prosecution obstructing access to court by use of vicious, reckless and recketeering influence, including concealing a know jury acquittal.

I am in hopes that this declaration reach attorney Ramsey Clark, and he will return to this case and get it before the appropriate authority for correcting the outrageous miscarriage of justice complained herein.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. My expression of belief as to each specified fact are based on the reasons I have given, as to such fact. I would be willing to testify to same in a Court of Justice. I so swear, on the 26th day of October, 2010, at San Francisco, California.

STATE OF CALIFORNIA  } ss
COUNTY OF SAN FRANCISCO }

Bernard J. Suarés

NOTARY

* See Attached Acknowledgment *

# EXHIBIT

SUPERIOR COURT OF SAN FRANCISCO COUNTY, CA.

People Vs- Ruchell Magee
NO. 83668

DRAFTED NOTES (VOTES) OF THE JURORS APRIL, 1973     ON P.C. 209 KIDNAP

1) David F. Smith,    "NOT GUILTY."

2) John Chalmer    "NOT GUILTY."

3) Mosses Shephard, "Not Guilty."

4) Kenneth R. Jason,    "NOT GUILTY."

5) Bernard J. Suares, "NOT GUILTY."

6) William Irwin,    " NOT GUILTY."

7) Jacqueline    Buckley, "NOT GUILTY."

8) Raynell McGee,  "Not Guilty."

9) Barbara Giddis,    "NOT GUILTY."

10) Ruth    Feifer,  " NOt Guilty."

11) Lucy Johnson,    ". NOT GUILTY."

12) Jimmie Davis,    "NOT GUILTY."