UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUCHELL C. MAGEE,<br><br>Plaintiff,<br><br>v.<br><br>CANTIL-SAKAUYE, et al.,<br><br>Defendants. | Case No. 21-cv-05432-WHO (PR)<br><br>**ORDER OF DISMISSAL;**<br><br>**ORDER DENYING MOTION TO RECUSE THE UNDERSIGNED**<br><br>Dkt. No. 2 |

# INTRODUCTION

Plaintiff Ruchell Cinque Magee is barred from bringing this action *in forma pauperis* because he has filed at least three federal actions that were dismissed as frivolous, malicious, or on grounds that they failed to state a claim for relief. He was ordered to show cause why pauper status should not be barred, but his response is insufficient to show that pauper status should not be denied. Accordingly, this federal civil rights action is DISMISSED without prejudice to Magee bringing his claims in a new paid complaint.

# DISCUSSION

**i.  Pauper Status**

Plaintiff Ruchell Cinque Magee, a state prisoner and frequent litigant in federal court, has filed this federal civil rights action under 42 U.S.C. § 1983 along with a motion to proceed *in forma pauperis* (IFP) under 28 U.S.C. § 1915.[1] He was ordered to show cause why the action should not be dismissed under 28 U.S.C. § 1915(g), which provides

---

[1] In his complaint, Magee alleges that Tani Cantil-Sakauye, the Chief Justice of California, hindered his access to the courts. He also alleges Gavin Newsom, the Governor of California, refused to acknowledge Magee's applications for a pardon and concealed evidence of false convictions. (Compl., Dkt. No. 1 at 4, 7.)

that a prisoner may not bring a civil action IFP "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." (Dkt. No. 3 at 1.) The Order identified three prior federal court actions ("strikes") that appeared to count under section 1915(g) and allowed plaintiff an opportunity to respond, as required by *Andrews v. King*, 398 F.3d 1113 (9th Cir. 2005). The Order also informed Magee he could avoid dismissal by paying the filing fee by the deadline.

The strikes identified were:

**(1)** *Magee v. Scott*, No. 05-CV-348 AWI LJO (E.D. Cal. Mar. 6, 2016) (order adopting report and recommendation dismissing case for failing to file amended complaint and failing to state a cognizable claim);

**(2)** *Magee v. Bravo*, No. 03-CV-6764 LJO WMW (E.D. Cal. July 23, 2007) (order adopting report and recommendation dismissing case for failing to state a cognizable claim);

**(3)** *Magee v. Ortega*, No. 00-CV-1512 GEB GGH (E.D. Cal. Apr. 22, 2002) (order adopting report and recommendation dismissing case for failing to file amended complaint);

**(4)** *Magee v. Meyer*, No. 95-CV-03855 DLJ (PR) (N.D. Cal. Mar. 27, 1996) (dismissed as malicious);

**(5)** *Magee v. Jensen*, No. 95-CV-2520 DLJ (PR) (N.D. Cal. July 20, 1995) (dismissed as malicious and duplicative);

**(6)** *Magee v. Reardon*, No. 94-CV-3815 DLJ (PR) (N.D. Cal. March 17, 1995) (dismissed as malicious);

**(7)** *Magee v. Jensen*, No. C 94-CV-2711 DLJ, (N.D. Cal. Aug. 31, 1994) (dismissed as frivolous);

1  **(8)** *Magee v. Foreman Federal Grand Jury*, No. 94-CV-4298 DLJ (PR) (N.D. Cal.
2  March 16, 1995) (dismissed as malicious);

3  **(9)** *Magee v. Romines*, No. 93-CV-3638 DLJ (PR) (N.D. Cal. June 9, 1994)
4  (dismissed for failing to state a cognizable claim); and

5  **(10)** *Magee v. Helsel*, No. C 93-CV-3507 DLJ (N.D. Cal. June 9, 1994) (dismissal
6  as duplicative of claims adjudicated in a prior suit).

7  Magee has filed a response to the Order to Show Cause. (Dkt. No. 4.) Most of the response describes judicial proceedings against him in the 1960s and 1970s. (*Id.* at 1-6.) In the remainder, he announces his belief that the judicial system has kept him in prison without justification and that the undersigned is a participant in this continued injustice. (*Id.* at 7-9.) Despite these contentions, Magee has not shown any reason that the restrictions of section 1915(g) should not be imposed. He has failed to (i) pay the filing fee; (ii) show that any of the strikes do not qualify under section 1915(g); (iii) show that he qualifies for the imminent danger exception; or (iv) otherwise show cause why this action should not be dismissed.

Magee's IFP application is DENIED. (Dkt. No. 2.) This federal civil rights action will be dismissed.

**ii.   Motion to Recuse**

Magee moves for recusal of the undersigned on grounds that I am biased and prejudiced because (i) new evidence shows his 1973 trial ended in an acquittal; (ii) in the Order to Show Cause I cited ten prior cases adjudicated by judges who were biased and prejudiced and "failed to adjudicate in accordance to [*sic*] their professional ethics; and (iii) I knew "the facts of all out kangaroo-court frameups based on racism"; and (iv) imposing the mandates of § 1915(g) prevents him from filing complaints alleging "white supremecy [*sic*] frameups and cover up by use of white supremacy politics" and violates "the Antiterrorist Act." (Request to Recuse, Dkt. No. 6 at 1-5.)

Motions to disqualify fall under two statutory provisions, 28 U.S.C. § 144 and 28 U.S.C. § 455. Section 144 provides for recusal where a party files a timely and

3

1  sufficient affidavit averring that the judge before whom the matter is pending has a
2  personal bias or prejudice either against the party or in favor of an adverse party and
3  setting forth the facts and reasons for such belief.  *See* 28 U.S.C. § 144.  Similarly, section
4  455 requires a judge to disqualify himself "in any proceeding in which his impartiality
5  might reasonably be questioned," 28 U.S.C. § 455(a), including where the judge "has a
6  personal bias or prejudice concerning a party," *id.* § 455(b)(1).

A judge finding a section 144 motion timely and the affidavits legally sufficient must proceed no further and another judge must be assigned to hear the matter.  *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980).  Where the affidavit is not legally sufficient, however, the judge at whom the motion is directed may determine the matter.  *See id.* at 868 (holding judge challenged under section 144 properly heard and denied motion where affidavit not legally sufficient).

The substantive test for personal bias or prejudice is identical under sections 144 and 455.  *See Sibla*, 624 F.2d at 868.  Specifically, under both statutes recusal is appropriate where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (citation omitted).  Consequently, an affidavit filed under section 144 will raise a question concerning recusal under sections 455(a) and (b)(1) as well.  *Sibla*, 624 F.2d at 867.

Magee's motion to disqualify the undersigned is DENIED.  His conclusory allegations fail to provide any fact or reason on which a reasonable person would conclude that my impartiality might reasonably be questioned, or that otherwise indicate any bias or prejudice.  Furthermore, as a general matter, issuing rulings regarding section 1915(g) is not sufficient to show prejudice or bias.  *See Liteky v. United States*, 510 U.S. 540, 555 (1994) (holding judicial rulings on basis of facts introduced or events occurring in course of judicial proceedings "almost never" provide grounds for recusal); *Sibla*, 624 F.2d at 868 (holding affidavit not legally sufficient unless it alleges facts demonstrating bias or prejudice that "stems from an extrajudicial source").  Bias or prejudice cannot be shown

4

1  because I imposed, as required, the restrictions of section 1915(g), which was a ruling in
2  the course of judicial proceedings.

### CONCLUSION

This federal civil rights action is DISMISSED without prejudice to Magee bringing his claims in a new paid complaint.  His IFP motion is DENIED.  (Dkt. No. 2.)  His request for recusal is DENIED.  (Dkt. No. 6.)  The Clerk shall terminate all pending motions, enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED.**

**Dated:** October 28, 2021



WILLIAM H. ORRICK
United States District Judge